### EDSON TERRILL vs. CASSIUS G. GROVE.

Where an attachment writ had been quashed on motion of defendant for defective affidavit, before any declaration had been filed therein, and before any appearance of the defendant had been entered therein, save for the purpose of the motion, *Held,* that under Act 28, Laws of 1869, the costs therein provided to be taxed in favor of the prevailing party, under the head of "for proceedings before notice of trial," were not allowable or taxable in such a case.

*Branch Circuit, February,* 1871.

Motion for re-taxation of costs.

The suit was originally commenced by attachment, and at a previous term of the Court the writ, on motion of the defendant had been quashed and the proceedings thereunder set aside with $5 costs, on the ground of the insufficiency of the affidavit.

No declaration had been filed in the case, and no appearance entered on the part of the defendant at the time of the order quashing the writ, save for the purpose of making the motion. (A report of the case will be found in 2 *Nisi Prius,* 3.)

The defendant in taxing the costs, claimed and had entered in the taxed bill the sum of $10, "for proceedings before no-

tice of trial," under Act No. 28, of 1869. The defendant objected to this item and now moves for a re-taxation.

*C. B. Pratt,* Plaintiff's Attorney.

*Shipman & Loveridge,* Defendant's Attorneys.

*By the Court,* UPSON, J.—The Act No. 28, of 1869, page 32, in regard to costs, contains among other things this provision, viz: "In all cases of special motion such sum shall be awarded to either party as the Court in view of the circumstances shall deem just."

Under this clause the sum of $5 costs was awarded to the defendant at the time the motion to quash was granted.

That motion includes everything that has been done in the case on the part of the defendant. There are no other proceedings in the case for which defendant can claim costs, and there is good ground for insisting that where a defendant has not appeared generally in a cause and no issue has been joined or declaration filed therein, as in this case, the clause in the statute providing for taxing a certain amount of costs to the prevailing party, " for proceedings before notice of trial," does not apply in favor of such defendant, where on his motion the writ has been quashed. The motion must be granted and the item of $10 objected to must be rejected in the taxation of costs.